UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BLACKAMORE,

        Plaintiff,

v.

        Case No. 1:24-cv-600
        Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION**

*Pro se* plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner). This matter is now before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5)[1]. Specifically, defendant contends that plaintiff's complaint is untimely. In addition, plaintiff filed a "Motion to look at this" (ECF No. 8), which the Court construes as his response to defendant's motion.

    **I.**    **Introduction**

Plaintiff's cryptic complaint refers to a "Claim for Reinstate Back pay." Compl. (ECF No. 1, PageID.1). Defendant points out that based on agency records, plaintiff seeks judicial review of the termination of his benefits. Defendant's Brief (ECF No. 6, PageID.12). Specifically, an administrative law judge (ALJ) entered a decision regarding "Eligibility" on November 16,

---

[1] The Court notes that while defendant's motion also states that it is brought pursuant to Fed. R. Civ. P. 12(b)(1), his brief only refers Fed. R. Civ. P. 12(b)(6).

1

2022, addressing the following issues:

> The general issue is whether the claimant is eligible for Supplemental Security Income [SSI] under sections 1602 and 1611 and entitled to Disability Insurance Benefits [DIB] under sections 216(i) and 223 of the Social Security Act (Act). The specific issue is whether the claimant cooperated with a medical continuing disability review [CDR].
>
> After careful consideration of all the evidence, the undersigned concludes the claimant is ineligible for Supplemental Security Income under sections 1602 and 1611 and ineligible for Disability Insurance Benefits under sections 216(i) and 223 of the Act due to failure to cooperate with a medical continuing disability review.

PageID.25.

> As the ALJ explained:
>
> The agency periodically reviews a claimant's medical impairment(s) to determine if the claimant continues to have a disabling condition. If we determine that a claimant is no longer disabled or blind, the claimant's benefits will stop. Also, we will stop payment of benefits if a person has not cooperated with us in getting us information about the person's disability or blindness (20 CFR 404.1585 and 416.1331).

PageID.25.  Here, plaintiff was issued a Notice of CDR on September 25, 2018, requesting current medical information and completed forms, and advising plaintiff "that benefits may end if he did not respond." *Id*.  Plaintiff did not respond. *Id*. The agency sent plaintiff another request asking for current medical information and completed forms on November 5, 2018.  *Id*.

> Subsequently, in January 2019, notices were sent to the claimant informing him that his benefits would be reduced to $0 due to failure to comply (B10B and B11B). In response to a congressional inquiry instigated by the claimant, the Agency again explained why the claimant's benefits had stopped in a letter dated June 22, 2020 (B4D).

*Id*.   In correspondence to the agency, plaintiff alleged (incorrectly) "that he was 'grandfathered in' under old law, and thus medical CDRs do not apply to his case" and "described, repeatedly and at length, about perceived injustices at the hands of various field offices, particularly as to why a

2

CDR was initiated in the first place." PageID.26. The ALJ found that,

> Even if his allegations were accurate, the fact remains that we are required to conduct CDRS, he has not complied with participating in a CDR, and he has not put forth any sufficient explanation as to why he has not.

*Id*.

The ALJ concluded that,

> Because medical CDRs are required by law, specifically, section 221(i)(1) of the Act, the claimant's failure to comply results in ineligibility for Social Security Income or Disability Insurance Benefits. The claimant is invited to reapply if desired.

*Id*. Finally, the ALJ's decision held that plaintiff was no longer eligible for benefits:

> Based on the hearing request regarding the determination that the claimant is no longer eligible for Social Security Income or Disability Insurance Benefits due to failure to comply with a medical continuing disability review, the undersigned finds that the claimant's failure to comply results in ineligibility for Supplemental Security Income under sections 1602 and 1611 and ineligible for Disability Insurance Benefits under sections 216(i) and 223 of the Act[.]

*Id*. Plaintiff filed the present complaint to appeal the ALJ's November 16, 2022 decision.

## II.     Legal standard

Defendant seeks to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g),

3

which provides in pertinent part that:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). The regulations further provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The statute of limitations as set forth in § 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971). *See also Watson v. Commissioner of Social Security*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal"); *White v. Secretary of Health, Education & Welfare*, 56 F.R.D. 497, 498 (N.D. N.Y. 1972).

However, this limitation is not jurisdictional and is subject to equitable tolling. *See Bowen*, 476 U.S. at 478-82 (applying equitable tolling to the 60-day limitations period when the

4

agency engaged in "secretive conduct"). In this regard, the Court considers five factors in determining whether to toll the statute of limitations in a Social Security Appeal:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Commissioner of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007).

### III. Discussion

Defendant summarized the administrative proceedings as follows:

> On November 16, 2022, an ALJ issued an unfavorable decision and mailed a copy thereof to Plaintiff. *See* "Declaration of Rosana Mapp," ECF No. 6-1, PageID.19, referencing PageID.21-31. Thereafter, Plaintiff requested review of the ALJ's decision. *Id.*, PageID.35. By Notice of Appeals Council Action ("Notice") dated March 31, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.*, PageID.19, referencing PageID.32-36. This action by the Appeals Council rendered the ALJ's November 16, 2022 decision the "final decision" of the Commissioner, from which Plaintiff could request judicial review within 60 days. *See* 42 U.S.C. § 405(g). The Notice explained that Plaintiff had 60 days from the date he received the Notice to file a civil action or ask the Appeals Council to extend his time to file. *See* Declaration, PageID.33. Plaintiff requested an extension of time to file a civil action, and the Appeals Council granted a thirty (30) day extension in a notice dated August 3, 2023. *Id.*, PageID.19, referencing PageID.37. Allowing five days for presumptive receipt of the Appeals Council's August 3, 2023 Notice, Plaintiff was required to commence his civil action on or before September 7, 2023.
>
> Plaintiff filed this civil action in the United States District Court for the Western District of Michigan on June 7, 2024. ECF No. 1, PageID.1-2. Defendant is not aware of Plaintiff filing a request for an extension of time to file a civil action. *See* Declaration, PageID.20.

*Id.* at PageID.13. Based on this record, plaintiff's complaint is untimely, having been filed nine months late on June 7, 2024.

5

Plaintiff does not dispute the timeline related to the ALJ's 2022 decision finding that he is ineligible for SSI and DIB.  Nor does plaintiff set forth any basis for equitable tolling.  In this regard, plaintiff has filed a rambling narrative in his "Motion to look at this" / response (ECF No. 8, PageID.39-41), referencing conversations with agency personnel in: Grand Rapids, Michigan; Chicago, Illinois; Kalamazoo, Michigan; Battle Creek, Michigan; Baltimore, Maryland; and, the Office of Appeals in Falls Church, Virginia.  In his narrative, plaintiff repeatedly contends that "they [the Social Security Administration] never should have taken my benefits away." *Id*.  Finally, while plaintiff attached copies of documents related to Social Security matters and medical records stretching back to the 1990s, these do not present any basis to apply equitable tolling.  *See* Attachments (ECF Nos. 8-1 and 8-2).

### IV.    Conclusion

Plaintiff did not file a timely appeal of the November 16, 2022 decision finding that he is longer eligible for SSI or DIB due to his failure to comply with a CDR.  Accordingly, defendant's motion to dismiss (ECF No. 5) will be granted and plaintiff's motion (ECF No. 8) will be denied.  A separate order consistent with this opinion will enter.


Dated:  October 24, 2024                        /s/ Ray Kent
                                                RAY KENT
                                                United States Magistrate Judge